UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL DOCKET

VERSUS                                       No. 21-51

MARVIN LEGENDRE                              SECTION: "J"(1)

### ORDER AND REASONS

Before the Court is a *Motion to Dismiss Counts Two and Four of the Indictment* **(Rec. Doc. 72)**, filed by Defendant, Marvin Legendre. The Government opposes the motion (Rec. Doc. 81). Considering the motions, the memoranda, the record, and the law, the Court finds the motion should be **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2021, the FBI learned of two armed robberies with a firearm that took place on March 7, 2021 at a Cricket Wireless cellular phone store in Chalmette, Louisiana and then on March 10, 2021 at a Boost Mobile cellular phone store in New Orleans, Louisiana. During both robberies, the suspect entered the business and placed an unknown object in the door to keep the door open, then produced a firearm and demanded money from the register. The perpetrator took the currency and fled in a black Monte Carlo. Because of the similarities between the robberies, the physical description of the perpetrator, and the description of the vehicle, investigators believed the same perpetrator completed both robberies. The NOPD located a black Monte Carlo at an apartment complex and viewed surveillance camera footage from the location. Investigators proceeded to conduct surveillance on

the vehicle and observed Marvin Legendre enter and drive the vehicle. Investigators determined that Legendre utilized a residential address at the apartment where the vehicle was located, and then obtained and executed a search warrant for Legendre's residence on March 15, 2021. During the search, investigators found evidence linking Legendre to the robberies including clothing and a handgun that matched the description of the handgun seen in surveillance videos of the robberies.

On March 18, 2021, a federal arrest warrant was authorized for the arrest of Legendre for two separate violations of 18 U.S.C. § 1951(a) (the Hobbs Act), two violations of brandishing a firearm during a crime of violence, and one violation of being a felon in possession of a firearm. (Rec. Doc. 1). On April 26, 2021, a federal grand jury returned a five-count indictment against Legendre for the same violations. (Rec. Doc. 21). Legendre filed the instant motion on January 11, 2023, and the Government responded on February 15, 2023. (Rec. Docs. 72, 81).

Legendre's motion requests that the Court dismiss Counts Two and Four of his indictment for failure to state an offense. (Rec. Doc. 72, at 1). Counts Two and Four charge Legendre with Brandishing a Firearm During and in Relation to a Crime of Violence, that is Hobbs Act Robbery, on March 7, 2021 and March 10, 2021, respectively. (Rec. Doc. 21, at 2-3). Legendre argues that Hobbs Act Robbery does not qualify as a crime of violence, because the Supreme Court recently held that *attempted* Hobbs Act Robbery is not a crime of violence. (Rec. Doc. 72-1, at 1) (citing *United States v. Taylor*, 142 S. Ct. 2015 (2022)). Specifically, Legendre contends that the Hobbs Act is indivisible between attempted and completed robbery, such that

2

both Hobbs Act Robbery and attempted Hobbbs Act robbery are simply alternative means of establishing a Hobbs Act violation. *Id.* at 4-5). In response, the Government argues that *Taylor*'s holding is narrower than Legendre suggests—only addressing whether attempted Hobbs Act robbery is a crime of violence, not whether a completed Hobbs Act robbery is a crime of violence—so it does not overturn Fifth Circuit precedent that Hobbs Act robbery itself is a crime of violence (Rec. Doc. 81, at 7). The Government also argues that the Hobbs Act robbery statute is divisible, so even if attempted Hobbs Act robbery is no longer a crime of violence, Hobbs Act robbery itself remains a crime of violence. *Id.* at 10-11.

## DISCUSSION

Legendre is charged with two counts of violating 18 U.S.C. § 924(c)(1)(A)(ii), which authorizes an enhanced prison sentence if the defendant brandished a firearm "during an in relation to a crime of violence." 18 U.S.C. § 924(c)(1)(A)(ii). A crime of violence is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another;" *Id.* § 924(c)(3)(A); or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense;" *Id.* § 924(c)(3)(B). In 2019, the Supreme Court held that the "residual clause" provisions in § 924(c)(3)(B) were unconstitutionally vague, but the "elements clause" in § 924(c)(3)(A) remains in force. *United States v. Davis*, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019).

3

Hobbs Act robbery is the underlying crime of violence Legendre is charged with while brandishing a firearm. The Hobbs Act makes it a crime to obstruct, delay, or affect commerce by robbery or extortion or attempts or conspiracy to do so. 18 U.S.C. § 1951(a). "Robbery" under the Hobbs Act is "the unlawful taking or obtaining of personal property" from a person "by means of actual or threatened force, or violence, or fear of injury, immediate or future." *Id.* § 1951(b)(1).

Legendre argues that Hobbs Act Robbery is not a crime of violence capable of enhancing his sentence based on the Supreme Court's reasoning in *United States v. Taylor*. In *Taylor*, the defendant admitted he had committed both conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, but argued that neither Hobbs Act offense qualified as a "crime of violence" for the purposes of § 924(c). *Taylor*, 142 S. Ct. at 2019. In determining whether an attempted Hobbs Act robbery is a crime of violence, the Court applied the "categorical approach," which requires asking not how a particular defendant may have committed the crime, but whether the crime at issue always requires the government to prove as an element of its case, the "use, attempted use, or threatened use of force." *Id.* at 2020. That element (actual violence or threat of violence) is not required to prove conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery because an attempt or conspiracy only requires an intention to take property by force or threat along with a substantial step toward achieving that object. *Id.* Thus, the Court held that the elements clause cannot be satisfied, so the crimes of attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery are not, for the purposes of § 924(c), crimes of violence. *Id.*

4

The *Taylor* Court specifically noted that its analysis did not apply to the crime of completed Hobbs Act robbery: "Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause." *Id.* Indeed, the elements for Hobbs Act robbery are: (1) that the defendant unlawfully obtained personal property from a person or in his presence, against his will; (2) that the defendant did so by means of actual or threatened force, violence, or fear of injury, either immediately or in the future and (3) the defendant's actions in any way or degree obstructed, delayed, or affected interstate commerce. Pattern Crim. Jury Instr. 5th Cir. § 2.73B (2019). Because the second element requires actual or threatened force against the person or property of another as required by § 924(c), Hobbs Act robbery is properly classified as a crime of violence. *See United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); *United States v. Hill*, 35 F.4th 366, 395 (5th Cir. 2022) ("Our precedents establish that Hobbs Act robbery is a crime of violence under the elements clause."). The Fifth Circuit's binding precedent regarding Hobbs Act robbery is not "implicitly" overruled, as Legendre contends, by the Supreme Court's holding regarding a different charge— attempted Hobbs Act robbery. Thus, the unambiguous language of the statute, the elements of the offense, as well as binding precedent, reveal that Hobbs Act robbery is a predicate offense to a § 924(c) charge.

Legendre also argues that a Hobbs Act robbery is not, theoretically, a crime of violence because the Hobbs Act is indivisible between attempted and completed

5

robbery, and attempted Hobbs Act robbery is no longer properly categorized as a crime of violence after *Taylor*. (Rec. Doc. 72-1, at 5). A statute is divisible if it sets out one or more elements in the alternative. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Again, the Hobbs Act states that obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce "by robbery or extortion or attempts or conspire[acy] to do so" are crimes. 18 U.S.C.A. § 1951. The plain language of the statute indicates that the Hobbs Act creates three offenses: Hobbs Act robbery, attempted Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery. Legendre argues that robbery, attempted robbery, and conspiracy to commit robbery are different means commit the same offense, rather than three separate offenses. (Rec. Doc. 72-1, at 4-5)

However, the Hobbs Act satisfies the test for a divisible statute because it is divisible into multiple crimes, as demonstrated by the fact that a jury must agree that one alternative, and not the other, was committed. *See United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022). "An indivisible statute lays out 'a single ... set of elements to define a single crime' while a divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *United States v. Butler*, 949 F.3d 230, 234 (5th Cir. 2020) (quoting *Mathis v. United States*, 579 U.S. 500, 504-505 (2016)). To determine divisibility, courts first look to the text and structure of the statute. *Id.* (finding that statute's use of "or" between two paragraphs compared to its use of "or" within each paragraph demonstrates that the paragraphs are meant to be different offenses with their own elements, each of which has alternative means).

Here, a jury must agree that a defendant committed Hobbs Act robbery *or* that the defendant attempted to commit the robbery. A defendant commits Hobbs Act robbery when they obstruct, delay, or affect commerce or the movement of any article in commerce by robbery. There are three means to commit Hobbs Act robbery: obstruction, delay, or affecting movement of commerce. Conversely, a defendant commits attempted Hobbs Act robbery when they attempt to obstruct, delay, or affect commerce. Comparing the statute's use of "or" between the offenses (robbery or attempts or conspiracy to do so) with its use of "or" within the list of means demonstrates that the Hobbs Act provides for different offenses, each with alternative means to commit them. Thus, the Hobbs Act statute is divisible into multiple different offenses.

Contrary to Legendre's contention, this conclusion is supported by the Supreme Court's inquiry in *Taylor*. The issue in *Taylor* was confined to *attempted* Hobbs Act robbery rather than a violation of the Hobbs Act as a whole. *Taylor*, 142 S. Ct. at 2019 ("Whatever one might say about completed Hobbs Act robbery, attempted Hobbs Act robbery does not satisfy the elements clause."). In this case, however, Legendre is charged with Hobbs Act robbery, which is a separate offense from attempted Hobbs Act robbery. Therefore, the holding that attempted Hobbs Act robbery is not a crime of violence does not affect the fact that a completed Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A).

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss Counts Two and Four of the Indictment* **(Rec. Doc. 72)** is **DENIED.**

New Orleans, Louisiana, this 2nd day of March, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE