UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
| VERSUS | No. 21-51 |
| MARVIN LEGENDRE | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion for New Trial* **(Rec. Doc. 111)**, filed by Defendant, Marvin Legendre, and an opposition (Rec. Doc. 113) filed by the United States of America. Considering the motion, the memoranda, the record, and the law, the Court finds the motion should be **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant, Marvin Legendre, was convicted by a jury on September 13, 2023 of charges arising out of the robberies of two cell phone stores in the New Orleans area. Legendre was convicted of two counts of Hobbs Act robbery, two counts of brandishing a firearm during a crime of violence, and one count of being a felon in possession of a firearm. After the close of the Government's case, the Court held a bench conference to discuss, in part, whether the Defense planned on putting forth any evidence and whether Legendre intended to testify. The Court asked Defense Counsel "Is the defendant going to testify?" Trial Tr. 2, Sept. 12, 2023. To which Defense Counsel responded, "No. The defendant is not going to testify, and we have no witnesses." *Id.* Upon a request from the Government and without objection from Defense, the Court then told Defense Counsel, "I'll ask you if the defendant has any

witnesses, and then specifically, I'll ask Mr. Legendre if he's going to testify or not, okay?" *Id.* at 3. To which Defense Counsel responded, "All right." *Id.*

After concluding the bench conference, the Court first asked Defense Counsel "Ms. Mullaly, does the defendant have witnesses or evidence to present?" *Id.* at 4. Defense Counsel replied, "Your Honor, not at this time. Mr. Legendre is choosing and exercising his right not to testify." *Id.* The Court then turned to Mr. Legendre and asked, in the presence of the jury, "have you decided whether you wanted to testify or not?" *Id.* When Mr. Legendre responded in the negative, the Court continued,

> "I want to make sure you understand it's you—I know you discussed this with your attorney, right? You've discussed it with your attorney, whether you should or should not, but what I want you to understand this is your decision, not your attorney's. Do you understand that?"

*Id.* Mr. Legendre then reiterated that he did not wish to testify. The Court then sent the jury home for the evening with plans to return the following morning for closing arguments before sending the jury out to deliberate.

The next morning, outside of the presence of the jury, Legendre's counsel moved for a mistrial based on the Court's colloquy with Legendre regarding his wishes to not testify. The Court denied this motion, finding that the colloquy with Legendre did not constitute an adverse comment on his election not to testify. At the suggestion of the Government, and with the agreement of defense counsel, the Court gave a curative instruction to the jury immediately upon their reentry to the courtroom, reiterating to them that a defendant is never obligated to testify and that the jury should not draw any adverse inference from his decision to not testify.

Legendre has now moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, arguing that the evidence against him was insufficient to warrant his conviction and that the Court's colloquy regarding Legendre's decision not to testify violated his due process rights.

## **DISCUSSION**

Rule 33 of the Federal Rules of Criminal Procedure allows a court, upon motion of the defendant to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33. The Fifth Circuit has held that "the trial court should not grant a motion for new trial unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wall*, 389 F.3d 457, 466 (5th Cir.2004) (quoting *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir.1997)). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *Id.* (citing *United States v. Rasco*, 123 F.3d 222, 228 (5th Cir.1997)). As such, a district court's discretionary power to grant a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional' circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir.2005). "The trial judge may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial" under Rule 33. *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir.1997); *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir.2006). The Fifth Circuit "reviews the district court's denial of a Rule 33 motion for new trial for

abuse of discretion." *United States v. Yong Ping Liu*, 288 Fed. Appx. 193, 211 (5th Cir. Aug.6, 2008).

Legendre's first argument is that the evidence introduced against him at trial was insufficient to support a conviction because no witness to the robberies could identify Legendre. Although Legendre is correct that his victims could not identify him in Court, the other circumstantial evidence introduced at trial overwhelmingly proves that Legendre was the perpetrator. Cell site location evidence shows that Legendre's cell phone was in the vicinity of both robberies at the time of their commission. A picture taken by an employee of the Boost Mobile store shows Legendre's distinctive black Monte Carlo with red trim leaving the scene of the crime, and crime camera and surveillance footage captured the vehicle traveling from Legendre's apartment to the scene of the crime. The clothing worn during both of the robberies – complete with unique stains – was found in Legendre's apartment at the time of his arrest. Video recorded by Legendre himself the morning of the Boost Mobile robbery shows Legendre getting dressed in the clothes he wore to commit the crime, and cell phone data shows that Legendre searched the internet for the location of Boost Mobile stores and for tips on how to commit robberies. In all, the Government presented 19 witnesses whose combined testimony created an overwhelming picture of guilt. Defendant's motion does not identify any weaknesses in the Government's case besides the lack of eyewitness identification, but this alone is not enough to indicate that the "weight of evidence preponderates against the verdict." *Wall*, 389 F.3d 466.

Defendant's second argument is that this Court should grant a new trial because "the questioning of him by the Court violated his due process rights." (Rec. Doc. 111, at 4). However, because the Court did not make an adverse comment regarding Legendre's decision not to testify and, out of an abundance of caution, gave a curative instruction to the jury after the colloquy, the Court concludes that Defendant's due process rights were not violated, and therefore, the exceptional circumstances needed for a new trial are not present. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." Likewise, it is a violation of a defendant's rights to state or imply that a defendant's failure to testify supports an inference of guilt. *Griffin v. California*, 380 U.S. 609, 615 (1965). However, the square holding of *Griffin* illustrates that "the Court was there concerned only with *adverse* comment, whether by the prosecutor or the trial judge." *Lakeside v. Oregon*, 435 U.S. 333, 338 (1978) (emphasis in original).

In this case, the Court did not make adverse comments regarding the Defendant's lack of testimony. The Court's exchange with the Defendant was merely a neutral question of whether he wished to testify, asked in order to ensure that Defendant understood that such a decision was his and not his attorney's. Furthermore, it is Defense Counsel, not the Court, who first mentioned Mr. Legendre's decision not to testify in front of the jury. The Court first asked whether the Defense planned to present any witnesses or evidence, to which counsel responded in the negative and added that "Mr. Legendre is choosing and exercising

his right not to testify." Trial Tr. 4, Sept. 12, 2023. The Court acknowledges that best practice would have been to question the Defendant outside the presence of the jury. However, the exchange which did occur did not state or imply that the defendant's failure to testify supported an inference of guilt. The full extent of the Court's colloquy with Legendre in front of the jury is as follows:

> THE COURT: Mr. Legendre, sir, I need you to stand up for a second. I want to ask you, have you decided whether you wanted to testify or not?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: No what?
>
> THE DEFENDANT: I don't want to testify.
>
> THE COURT: You do not want to testify. Okay. I want to make sure you understand it's your -- I know you discussed this with your attorney, right? You've discussed it with your attorney, whether you should or should not, but what I want you to understand this is your decision, not your attorney's. Do you understand that?
>
> THE DEFENDANT: Yes, sir. I'm trying to find what I'm testifying to. I don't speak proper grammar.
>
> THE COURT: Okay. All I need to know is if you're going to testify or not, and you told me no.
>
> THE DEFENDANT: No, sir.
>
> THE COURT: No. Okay. You can be seated.

*Id.* at 4, 5. Defendant does not attempt to identify any adverse comments made by the Court regarding Legendre's decision not to testify. Nor can the Court identify anything other than neutral language used in this exchange. Therefore, the Court

6

finds that the September 12th colloquy with the Defendant in front of the jury did not constitute an adverse comment about Legendre's decision not to testify.

Furthermore, to the extent there was any error committed during the colloquy with Legendre, such error would be harmless. First, the Court gave a curative instruction to the jury immediately upon the resumption of proceedings the next morning. "[A] curative instruction can militate against finding a constitutional violation, or become central to the harmless error analysis." *United States v. Velasquez*, 881 F.3d 314, 344 (5th Cir. 2018) (citing *United States v. Ramey*, 531 Fed. Appx. 410, 414 (5th Cir. 2013). Because the jury was excused immediately after the Court's colloquy with Legendre, this curative instruction was the very next statement on the record in the presence of the jury. The Court cautioned the jury by reading a portion of Fifth Circuit Pattern Instruction 1.05 and specifically stated,

> Yesterday . . . you saw me and heard me ask the defendant whether he would be testifying or not. I want to instruct you, and this is important, that the defendant is always presumed by law to be innocent, okay? The government always has the burden of proof beyond a reasonable doubt. The defendant, going into a trial, has a clean slate. The law never requires a defendant to prove his innocence or introduce any evidence, including he has a right not to testify if he chooses to. It's a constitutional right, and the jury should not and cannot draw any adverse inference at all from the election of a defendant not to testify, okay? So, I just want to make sure everyone understands that.

Trial Tr. 24, Sept. 13, 2023. This language was submitted by the Government and approved by Defense Counsel. The Court then later repeated the complete version of Pattern Instruction 1.05 at the close of trial during jury instructions. Second, the Court's colloquy in the presence of the jury is harmless error because it did not

7

contribute to the verdict. *See Velasquez*, 881 F.3d at 344 (citing *United States v. Moreno*, 185 F.3d 465, 475 (5th Cir. 1999). The Government presented overwhelming physical, technological, and testimonial evidence that Mr. Legendre was the perpetrator of both robberies. There is no evidence that the Court's exchange with the Defendant altered the verdict in any way.

The defendant bears the burden of proof in a motion for new trial, and such motions are only to be granted in exceptional circumstances *United States v. Soto-Silva*, 129 F.3d 340, 343 (5th Cir. 1997); *Tarango*, 396 F.3d at 672. Defendant has not provided any evidence or any citations of a due process violation, and the conclusory assertions in Defendant's motion are not sufficient to support a finding that he is entitled to a new trial. Therefore, the Court finds that Defendant was fairly convicted on each of the five counts of his indictment, and he is not entitled to a new trial.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for New Trial* **(Rec. Doc. 111)** is **DENIED.**

New Orleans, Louisiana, this 1st day of December, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE